# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NICOLE CABALLERO,**

    **Plaintiff,**

                          **CASE NO.:**

**v.**

**FLEET 18, INC., and**
**REY LOGISTICS, INC.,**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Nicole Caballero, by and through undersigned counsel, brings this action against Defendants, Fleet 18, Inc., and Rey Logistics, Inc., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has pendant jurisdiction over the state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Orange County which is in this district.

## PARTIES

4. Plaintiff is a resident of Orange County, Florida.

5. Defendant Rey Logistics, Inc., (Defendant Rey Logistics) operates a transportation business in Orlando, in Orange County, Florida.

6. Defendant Fleet 18, Inc., (Defendant Fleet 18) operates the hiring and payroll for Rey Logistics, Inc. in Orlando, in Orange County, Florida.

7. Defendants were joint employers of Plaintiff by virtue of their rigorous control over all of the individual employees of the entities, including Plaintiff.

8. Defendants were the single employer of Plaintiff due to the interrelations of operations, centralized control of labor relations, common management and common ownership or financial control.

## GENERAL ALLEGATIONS

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

12. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of Title VII and the FCRA.

13. At all times material hereto, Defendants employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

## **FACTS**

14. Plaintiff was employed by Defendant from March 24, 2020 to December 21, 2020 as a Dispatcher.

15. Plaintiff is a female.

16. Thus, Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII and the FCRA.

17. Plaintiff performed the job for which she was hired in a satisfactory manner.

18. Plaintiff was singled out by Defendants Rey Logistics' owner/CEO, Eduard Shcherbakov, ("Shcherbakov").

19. Plaintiff was singled out because she refused Shcherbakov's sexual advances.

20. By way of example and not limitation, around August 2020, Shcherbakov would tickle Plaintiff on her stomach and leg repeatedly and she would always tell him "No" and to stop.

21. Shcherbakov would make jokes and yell, "stop asking to sleep with me!" and humiliate Plaintiff.

22. Shcherbakov would also tell Plaintiff that he knew she "wanted" him.

23. Shcherbakov would also call women vulgar and slur words and say they only wanted his money.

24. Shcherbakov would also have women come to the office and then take them out and pay for other employees to sleep with them. Shcherbakov and the employees would come back to the office and talk about it.

25. Another co-worker, James, also a Dispatcher, overheard Defendant's owner/CEO sexually harassing Plaintiff and told him to stop as well.

26. Defendant did not have a Human Resources department, so Plaintiff could not make a complaint. However, Plaintiff complained to Shcherbakov when she told him "No" and asked him to stop.

27. However, Shcherbakov did not stop and did not take any remedial action.

28. On or about the Friday of Plaintiff's last week of employment, Defendant Rey Logistics told her bring her laptop in for an alleged update.

29. By the following Monday, when Plaintiff arrived to work, Defendant had already re-assigned all of Plaintiff's drivers to other dispatchers.

30. Plaintiff was then called in to Shcherbakov's office and he falsely alleged that she had low performance.

31. However, Defendant had never counseled Plaintiff about any alleged low performance before and she was, in fact, meeting her quotas.

32. Then Shcherbakov changed course and attempted to allege that Plaintiff had absences. However, Plaintiff had to quarantine because others had contracted COVID-19 and she was only absent due to her quarantine.

33. Plaintiff pointed out that the female co-worker that did sleep with Shcherbakov was allowed to be absent whenever she wanted and faced no discipline for her absences.

34. Thus, Plaintiff complained that she was being treated differently because she did not accept Shcherbakov's sexual advances.

35. Only after Plaintiff refused Shcherbakov's advances was Plaintiff terminated on December 21, 2020.

36. After Plaintiff was terminated, Defendants retaliated again by not paying Plaintiff her last full paycheck.

## COUNT I – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

38. Plaintiff is a member of a protected class under Title VII.

39. Plaintiff was subjected to disparate treatment on the basis of her sex, including terminating her employment.

40. Defendants knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

41. Defendants' actions were willful and done with malice.

42. Plaintiff was injured due to Defendants' violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendants;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

### COUNT II – TITLE VII VIOLATION
### (HARASSMENT)

43. Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

44. Plaintiff is a member of a protected class under Title VII.

45. Plaintiff was subjected to unwelcome harassment on the basis of her sex, including repeated sexual advances by Defendants' owner/CEO, even after Plaintiff flatly refused and asked him to stop.

46. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendants, up to and including the termination of Plaintiff's employment.

47. Defendants knew or should have known of the unwelcome harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

48. Defendants' actions were willful and done with malice.

49. Plaintiff was injured due to Defendants' violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of Title VII by Defendants;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  f)  Any other compensatory damages, including emotional distress, allowable at law;

  g)  Punitive damages;

  h)  Prejudgment interest on all monetary recovery obtained.

  i)  All costs and attorney's fees incurred in prosecuting these claims; and

  j)  For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII RETALIATION

50. Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

51. Plaintiff is a member of a protected class under Title VII.

52. Plaintiff exercised or attempted to exercise her rights under Title VII by complaining about the discrimination, thereby engaging in protected activity under Title VII.

53. Defendants retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

54. Defendants' actions were willful and done with malice.

55. In terminating her employment, Defendants took material adverse action against Plaintiff.

56. Plaintiff was injured due to Defendants' violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendants retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (SEX DISCRIMINATION)

57. Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

58. Plaintiff is a member of a protected class under the FCRA.

59. Plaintiff was subjected to disparate treatment on the basis of her sex, including terminating her employment.

60. Defendants knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

61. Defendants' actions were willful and done with malice.

62. Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

k) A jury trial on all issues so triable;

l) That process issue and that this Court take jurisdiction over the case;

m) An injunction restraining continued violation of FCRA by Defendants;

n) Compensation for lost wages, benefits, and other remuneration;

    o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    p) Any other compensatory damages, including emotional distress, allowable at law;

    q) Punitive damages;

    r) Prejudgment interest on all monetary recovery obtained.

    s) All costs and attorney's fees incurred in prosecuting these claims; and

    t) For such further relief as this Court deems just and equitable.

### **COUNT V – FCRA VIOLATION**
### **(HARASSMENT)**

63. Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

64. Plaintiff is a member of a protected class under the FCRA.

65. Plaintiff was subjected to unwelcome harassment on the basis of her sex, including repeated sexual advances by Defendants' owner/CEO, even after Plaintiff flatly refused and asked him to stop.

66. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendants, up to and including the termination of Plaintiff's employment.

67. Defendants knew or should have known of the unwelcome harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

68. Defendants' actions were willful and done with malice.

69. Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

k) A jury trial on all issues so triable;

l) That process issue and that this Court take jurisdiction over the case;

m) An injunction restraining continued violation of the FCRA by Defendants;

n) Compensation for lost wages, benefits, and other remuneration;

o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

p) Any other compensatory damages, including emotional distress, allowable at law;

q) Punitive damages;

r) Prejudgment interest on all monetary recovery obtained.

s) All costs and attorney's fees incurred in prosecuting these claims; and

  t)  For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

70. Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

71. Plaintiff is a member of a protected class under the FCRA.

72. Plaintiff exercised or attempted to exercise her rights under the FCRA by complaining about the discrimination, thereby engaging in protected activity under the FCRA.

73. Defendants retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment.

74. Defendants' actions were willful and done with malice.

75. In terminating her employment, Defendants took material adverse action against Plaintiff.

76. Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

  m) A jury trial on all issues so triable;

  n) That process issue and that this Court take jurisdiction over the case;

  o) That this Court enter a declaratory judgment, stating that Defendants retaliated against Plaintiff for exercising her rights under the FCRA;

 p) That this Court enter an injunction restraining continued violation of the FCRA by Defendants;

 q) Compensation for lost wages, benefits, and other remuneration;

 r) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

 s) Front pay;

 t) Any other compensatory damages, including emotional distress, allowable at law;

 u) Punitive damages;

 v) Prejudgment interest on all monetary recovery obtained.

 w) All costs and attorney's fees incurred in prosecuting these claims; and

 x) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 26th day of January, 2022.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992

**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**